758 So.2d 327 (2000)
June HENRY
v.
WAL-MART STORES, INC.
No. 99-1630.
Court of Appeal of Louisiana, Third Circuit.
March 1, 2000.
Writ Denied May 26, 2000.
*328 Vicki C. Warner, Barham & Warner, Shreveport, LA, Counsel for Defendant-Appellant, Wal-Mart Stores, Inc.
Robert L. Salim, Natchitoches, LA, Counsel for Plaintiff-Appellee, June Henry.
Before YELVERTON, COOKS and DECUIR, Judges.
DECUIR, Judge.
In this slip and fall case, Wal-Mart appeals a judgment rendered in favor of the plaintiff, June Henry. Wal-Mart contends the trial court erred in relying on testimony not properly in evidence and in finding that the plaintiff had met her burden of proof under La.R.S.9:2800.6. Finding no manifest error in the judgment of the trial court, we affirm.
The record contains the uncontradicted testimony of June Henry that she slipped and fell on a white, mushy substance located on the floor of the frozen food aisle in the Natchitoches Wal-Mart. The accident occurred midmorning on Thanksgiving Day. The substance appeared to Ms. Henry to be either ice cream or pie filling, and the area had to be mopped clean before she could get up. Ms. Henry, 73 years old at the time of trial, was assisted by Wal-Mart employees who obtained a wheelchair for her use after the fall; they also contacted a friend of Ms. Henry to pick her up from the store.
In his reasons for judgment, the trial judge described the aforementioned facts by quoting from the plaintiff's deposition. The deposition was not in evidence and is not part of the record before this court. However, the few lines quoted by the trial judge do not contradict Ms. Henry's testimony contained in the trial transcript. She describes the substance on the floor and the events surrounding her fall in essentially the same manner at trial and in the quoted portion of her deposition testimony. Wal-Mart called no witnesses and offered no alternative version of the facts. Accordingly, although we certainly do not condone the judicial reliance on extraneous material not made a part of the record, we find no manifest error in the trial court's use of deposition quotes in his reasons for judgment in this instance.
Wal-Mart next contends that Ms. Henry failed to prove the temporal element of constructive notice under La. R.S.9:2800.6. The statute defines constructive *329 notice as proof "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." In the instant case, the trial judge determined that the temporal element of proof was satisfied by circumstantial evidence. Ms. Henry had described the spilled substance as white and mushy, it was located on the frozen food aisle, and a "good bit" of it was on the floor and got on her clothes. Wal-Mart personnel came with a mop and bucket to clean up the spilled substance before Ms. Henry tried to get up. She was afraid she would fall again because the spill was so slippery. From these facts, the trial judge concluded that the substance which caused Ms. Henry to fall had been on the floor long enough for it to have melted, perhaps as long as forty-five minutes to an hour. Since Wal-Mart employees did not discover the spill in the time it took for the substance to melt, Wal-Mart did not exercise reasonable care in alleviating a foreseeable risk of harm.
We agree. The record is clear that the spilled substance was not of the type that would spread instantly; rather, it was "mushy," as though in the process of melting. The testimony concerning the actual substance on the floor, the location of the spill, the products in that area of the store, and the fact that the accident occurred on a holiday, all support the trial court's conclusion that the temporal element of the plaintiff's burden of proof was satisfied.
La.R.S.9:2800.6 requires the plaintiff in a slip and fall case to prove that the condition on the floor existed for some period of time prior to the fall. See Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99); 733 So.2d 1188 and White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97); 699 So.2d 1081. This temporal element of the plaintiff's burden of proof can be established by circumstantial evidence. Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir. 1/20/99), 741 So.2d 65; writ denied, 99-486 (La.4/1/99), 742 So.2d 562. The White court described the plaintiff's burden of proof as "not an impossible burden." The evidence in this case, evidence of a spilled substance that required time to spread, is exactly the type contemplated by the White court as competent proof of a time period "sufficiently lengthy that a merchant should have discovered the condition." The trial judge herein concluded that Ms. Henry met this burden of proof. After reviewing the record before us, we find no manifest error in this conclusion.
Wal-Mart has briefly raised the issue of damages. Ms. Henry was awarded $22,000.00 in general damages and $720.70 in past medicals. After the fall, she suffered from shoulder, low back, and leg pain. She saw Dr. John Sandifer, an orthopaedic surgeon, approximately five times over the course of ten months for these complaints. She took various medications for what Dr. Sandifer described as nerve irritation and underlying arthritis. While the amount of general damages awarded by the trial court is somewhat high, we cannot say that it constitutes an abuse of the trial court's discretion. We base this conclusion on the medical evidence from Dr. Sandifer, as well as the testimony of the plaintiff and her daughter, both of whom described Ms. Henry's discomfort and change in lifestyle which resulted from this accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Wal-Mart.
AFFIRMED.