hPETERS, Judge.
This is a suit to recover damages as a result of a slip-and-fall accident which occurred on October 5, 1998, at the Wal-Mart store located in Eunice, Louisiana. In the suit,' Mazie Terry sought to recover from Wal-Mart Stores, Inc. (Wal-Mart) the damages she sustained in the fall. After trial, the trial court rendered judgment in favor of Wal-Mart, rejecting Ms. Terry’s demands. Ms. Terry appealed, and for the following reasons, we affirm the trial court’s judgment in ah respects.
DISCUSSION OF THE RECORD
At the time of trial, Ms. Terry was sixty-eight years of age. Before the accident, she suffered from a partial disability of her right side, a result of having contracted polio as a child. This preexisting disability caused her difficulties in moving about. On October 5,1998, at approximately 10:45 a.m., Ms. Terry entered the Wal-Mart store in Eunice, Louisiana, with her friend, Priscilla Faye Durgin. As the two women entered the store, each grabbed her own shopping cart, and they proceeded in different directions. Ms. Terry placed her purse in the child seat portion of the shopping cart and hung her walking cane on the back of the cart. Then, holding onto the sides of the shopping cart, she proceeded toward the pharmacy section of the store to pick up some medicine.
While passing through the main aisle of the store on her way to the pharmacy, Ms. Terry slipped and fell, pulling her shopping cart to the floor as well. She testified that initially, she thought she had stepped on a piece of ice. However, while sitting on the store floor, she observed a small key ring near her foot and concluded that she had slipped on the key ring.
Ms. Durgin testified that, although she did not see Ms. Terry fall, she heard the commotion caused by her fall and went to see what had happened. Ms. Terry was | sitting on the floor rubbing her knee when Ms. Durgin first observed her. According to Ms. Durgin, Ms. Terry directed her attention to the key ring, and she [Ms. Durgin] picked it up and placed it on the adjacent display shelf four to five feet from where Ms. Terry sat. Interestingly, neither Ms. Terry nor Ms. Durgin mentioned the key ring to the Wal-Mart employees who came to Ms. Terry’s aid. Moreover, Ms. Terry said nothing to her treating physician concerning the key ring when describing her accident.
Sandra Matte, the housewares department manager, was the first Wal-Mart employee to reach Ms. Terry after her fall. She testified that Ms. Terry was “sitting on the floor behind the shopping cart” with “her legs out to the side.” She further testified that she did not see a key ring. Priscilla Nichols, the Wal-Mart personnel manager, and Douglas Boone, the store support manager, also arrived at the scene immediately after the accident. Both testified that Ms. Terry stated to them that she was leaning on her shopping cart when her leg collapsed under her, and the shopping cart “popped up.” According to Ms. Nichols, Ms. Terry gave a negative response when she [Ms. Nichols] asked her if she had fallen on something. Ms. Nichols also testified that she personally got down on her hands and knees, inspected the *1253 floor, and found no foreign substances or objects on the floor. All three Wal-Mart employees testified that they never observed Ms. Durgin at the accident scene.
In its written reasons for judgment, the trial court accepted the testimony of Ms. Durgin as “believable” and concluded that the key ring she picked up was “in all probability what [Ms. Terry] slipped on and caused her fall and resultant injury.” However, the trial court rejected Ms. Terry’s demands because it found that she had failed to establish that the key ring had remained on the store floor “for such a period |3of time that it would have been discovered if [Wal-Mart] had exercised reasonable care.”
OPINION
Louisiana Revised Statute 9:2800.6(C)(1) requires that a plaintiff in a slip-and-fall case prove that the condition or object on the floor alleged to have caused the fall existed for some period of time prior to the fall such that “it would have been discovered if the merchant had exercised reasonable care.” The Louisiana Supreme Court concluded in White v. Wal-Mart Stores, Inc., 97-0393, p. 4 (La.9/9/97); 699 So.2d 1081, 1084, that the burden of proving the offending condition or object’s presence rests with the plaintiff, “[n]otwithstanding that such would require proving a negative .... ” The supreme court further stated that “[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.” Id. See also, Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99); 733 So.2d 1188, Henry v. Wal-Mart Stores, Inc., 99-1630 (La.App. 3 Cir. 3/1/00); 758 So.2d 327, writ denied, 00-929 (La.5/26/00); 762 So.2d 1107.
In the instant case, Ms. Terry produced no evidence as to the length of time the key chain remained on the floor before the accident. Given the lack of evidence on the required critical element of proof, we do not find that the trial court erred in finding that Ms. Terry failed to meet this burden of proof.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court in all respects. We assess all costs of this appeal to the plaintiff, Mazie Terry.
I «AFFIRMED.