CHEHARDY, C.J.
11 Plaintiff, Tami Luft, appeals the 24th Judicial District Court’s April 11, 2016 judgment granting summary judgment in favor of defendant, Winn-Dixie Montgomery, LLC (“Winn-Dixie”), and dismissing with prejudice' Ms. Luft’s slip- and-fall claim against Winn-Dixie. For the reasons that'follow, we affirm this judgment of the district court.'
FACTS AND PROCEDURAL HISTORY
On April 20, 2016, Ms. ,Luft filed suit against Winn-Dixie for damages arising out of a May 21, 2014 slip-and-fall incident at the Winn-Dixie store in Gretna, Louisiana. Ms. Luft alleged that she sustained injuries when she tripped and fell on a clear piece of plastic from shelving in the store.
*1271 Following preliminary discovery, on February 16, 2016, Winn-Dixie filed a motion for summary judgment, claiming that Ms. Luft could not satisfy her burden of proof under La. R.S. ,9:2800.6. Winn-Dixie argued that Ms. Luft could not prove that Winn-Dixie either created or had actual or constructive .notice of the condition that allegedly caused her to trip and fall. In support of its motion for summary judgment, Winn-Dixie attached the deposition of Ms. Luft and an affidavit of Jason Lol-lis, the manager on duty at the time of the incident.
In Ms, Luffs deposition, she explained that after getting off work at 6:00 a.m. on May 21, 2014, she slept until 3:00 p.m., watched television,' and then around 5:00 p.m., went to the Winn-Dixie store at the corner of Belle Chasse Highway and Wall Boulevard in Gretna for snacks and bread. She picked up a bag of pretzels on the chip aisle and continued toward the back of the store to pick up bread when she hit something with her left foot, twisted her right knee, and fell to the ground, catching herself with her hands. On the ground she found a clear piece of plastic that was 4 inches tall, 18-20 inches long, and appeared to have been dislodged from the bottom shelf near the site of her fall. There were other similar Upieces of plastic on the bottom shelf, keeping the products in place. These, plastic barriers were not protruding into the aisle, but were flush with the front of the shelf. Ms. Luft stated that she did not see the plastic prior to her fall and did not know where the piece she found on the ground was located before her fall.
The on-duty manager, Jason Lollis, helped Ms. Luft up off the ground and had her complete and sign an accident report. Ms. Luft did not seek medical attention at that time and was able to walk on her own. She picked up two loaves of bread and left the store. In his affidavit, Mr. Lollis attested that he had no prior knowledge or notice of any potential problem with thé plastic barrier on the bottom shelf of the chip aisle.
To her opposition to Winn-Dixie’s motion for summary judgment, Ms. Luft attached her deposition, her affidavit, a deposition of Jason' Lollis, as well as photographs of her injuries and the scene of the incident.
Mr. Lollis explained in his deposition that he was the on-duty manager on -May 21, 2014 and that the chip aisle was under his supervision. As an on-duty manager, Mr. Lollis’ duties include “store walks,” which are walk-throughs of the store to inspect and assess various issues, such as cleaning, stocking, and safety. He explained that Winn-Dixie’s policies and procedures recommend these store, walks should occur at specified times throughout the day, including a walk between 4:00 and 5:00 p.m. Mr. Lollis stated that he did not inspect the chip aisle between 4:00 and 5:00 p.m. on May 21, 2014, that he could not confirm if another employee did so, and that he did not know the last time, an inspection of the aisle was performed prior to the incident.
Both parties agree that the video surveillance footage from the store, which was not considered by the district court,[1] did not capture the incident or the,, area lawhere the incident occurred.
On March 23, 2016, following a hearing on Winn-Dixie’s motion, the court granted summary judgment in favor of Winn-Dix-ie, The court found that Ms. Luft could not prove the notice’ element of her claim *1272 against Winn-Dixie. In the signed judgment that followed on April 11, 2016, the court granted summary judgment in favor of Winn-Dixie and dismissed with prejudice Ms. Luft’s claim against Winn-Dixie. The court designated this judgment as final pursuant to La. C.C.P. art. 1915.
On April 21, 2016, Ms. Luft filed a motion to set aside the judgment and for new trial, arguing that the granting of the motion for summary judgment was contrary to the law and evidence. Following a hearing on May 31, 2016, the court denied this motion in a judgment on June 3, 2016. Ms. ■Luft appeals the district court’s April 11, 2016 and June 3, 2016 judgments.
DISCUSSION
On appeal, Ms. Luft argues that the district court erred in granting Winn-Dixie’s motion for summary judgment and erred in denying her motion to set aside judgment and for new trial.
We conduct a de novo review of a judgment granting a motion for summary judgment. Richthofen v. Medina, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, writ denied, 14-2514 (La. 3/13/15), 161 So.3d 639. Under this standard of review, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. Id.
“[A] motion for summary judgment shall be granted'if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art.. 966(A)(3). “[I]f the mover will not bear the burden of proof at trial on [4the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(D)(1). “The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment •as a matter of law.” Id.
Here, Winn-Dixie is the mover who will not bear the burden of proof at trial. Accordingly, in its motion for summary judgment, Winn-Dixie sought to point out the absence of factual support for one of the essential elements of Ms. Luft’s slip- and-fall claim.
To succeed on a slip-and-fall claim against a merchant, the plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements. of La. R.S. 9:2800.6. Evans v. Winn-Dixie Montgomery, LLC, 15-191 (La.App. 5 Cir. 10/28/15), 177 So.3d 386, 391. These additional requirements are set forth in La. R.S. 9:2800.6(B), which provides:
In a'negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable *1273 . care, the absence of a written or verbal uniform cleanup or safety procedure.is insufficient, alone, to prove failure to exercise reasonable care,
IsA failure to prove any of these elements is fatal to the plaintiffs cause of action. Evans, supra, at 392.
In its motion for summary judgment, Winn-Dixie alleged that Ms. Luft had failed to produce factual support for the element in (B)(2): that Winn-Dixie either créated or had actual or constructive notice of the condition which caused her injuries, prior to the incident. In support of this contention, Winn-Dixie submitted the affidavit of Ms. Luft, who stated that she neither saw the plastic,nor knew of its position before her fall. Winn-Dixie argued that since the testimony of the only witness to the fall, the plaintiff herself, does not establish the existence of the alleged condition, Ms. Luft is unable to prove that Winn-Dixie either created’or had actual or constructive notice of the alleged condition prior to her fall.
The burden shifted to Ms: Luft to produce factual support sufficient to establish that genuine issues of material fact remain or that Winn-Dixie is not entitled to judgment as a matter of law. Ms. Luft submitted the deposition testimony of Mr. Lollis and argued Winn-Dixie’s failure to comply with its recommended inspection procedures established that Winn-Dixie had constructive notice of the condition. She argued that by failing to comply with its inspection procedures, Winn-Dixie failed to exercise reasonable care. If Winn-Dixie had exercised reasonable care and followed its inspection procedures, the condition would have been discovered and remedied prior to the incident. Therefore, she maintains Winn-Dixie-had constructive notice of the condition.
We do not find this argument persuasive and find that Ms. Luft failed to carry her burden of establishing the- existence of genuine issues of material fact with regard to the contested element of notice. Ms. Luft did not offer any evidence indicating that Winn-Dixie either created or had actual notice of the alleged condition. First, there was no evidence offered to suggest, for instance, that,the plastic barrier in question had been improperly installed or had been dislodged by | f;an employee. Second, the only evidence offered bearing upon actual notice was Mr. Lollis’ unrebut-ted testimony that he had no prior knowledge or- notice of any potential problem with the plastic barrier on the bottom shelf of the chip aisle. And third, though Ms. Luft maintains the evidence of Winn-Dix-ie’s failure to comply with its 'inspection procedures is sufficient to prove constructive notice, as the following demonstrates, this argument is without merit.
“ ‘Constructive notice’ means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” La. R.S. 9:2800.6(0(1). To carry the burden of proving this temporal element, a plaintiff must present “positive evidence” of the existence of the condition prior to the accident. Evans, supra. Whether .the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. White v. Wal-Mart Stores, 97-0393 (La. 09/09/97), 699 So.2d 1081, 1084. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Id. Though the time period need not be specific in minutes or hours, constructive .notice requires that the claimant prove the condi *1274 tion existed for some time period prior to the fall. Id. at 1084-85.
For instance, the Louisiana Third Circuit found this temporal element had been satisfied with evidence that the substance that had caused the plaintiffs fall was ’ “mushy” and located in the frozen food aisle, suggesting it had been oh the floor long enough for it to have melted. Henry v. Wal-Mart Stores, Inc., 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, 329. The court. concluded: “Since Wal-Mart employees did not discover the spill in the time it took for the substance to melt, Wal-Mart did not exercise reasonable care in alleviating a foreseeable risk of 17harm.” Id. Other types of evidence held sufficient, to show .that a condition; has existed for some period of time include footprints, shopping cart tracks, or dirt in a spilled substance. See Allen v. Wal-Mart Stores, 37,352 (La.App. 2 Cir. 6/25/03), 850 So.2d 895, 898. Such evidence suggesting that a condition has existed for some period of time permits the inference that a merchant has failed to exercise reasonable care ahd so is deemed to have constructive notice'of the injury-causing condition.
Here, Ms. Luft’s argument inverts this reasoning. She contends that Winn-Dixie’s failure to exercise reasonable care, by failing to adhere to inspection procedures, proves that the condition existed for some period of time, and thus, that Winn-Dixie had' constructive notice of it. This argument fails for several reasons. First, it impermissibly shifts the burden to Winn-Dixie to prove it acted with reasonable care. The Louisiana Supreme Court has rejected a similar argument: “[B]y finding constructive notice based on a lack of uniform, mandatory clean-up procedures, the [Welch][2] Court effectively shifted the burden to the defendant merchant to prove that it acted reasonably.” White, supra, at 1085. Second, this argument is at odds with the plain language of La. R.S. 9:2800.6(C)(1): - “ ‘Constructive notice’ means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” (Emphasis added). And third, it conflicts with the jurisprudence that requires a plaintiff to present “positive evidence” of the existence of the condition prior to the accident. Evans, supra.
IrMs. Luft’s argument-that the condition would have been discovered and remedied prior to the incident if Winn-Dixie had followed its inspection procedures assumes, without factual support, that there was a discoverable condition capable of remediation. Her argument essentially invokes the doctrine of res ipsa loquitur. because she fell, there must have been a hazardous condition. This is not enough to satisfy her burden of proof under Louisiana’s merchant liability statute. Ms. Luft has offered no evidence to show that a condition existed or that a condition existed for some period of time prior to her fall. As such, Ms. Luft cannot prove that Winn- *1275 Dixie had constructive notice of the condition prior to her fall.
Upon our de novo review, we conclude that Winn-Dixie is entitled to judgment as a matter of law and that the district court properly granted summary judgment in favor of Winn-Dixie. Accordingly, we likewise find that the district court did not err in its June 3, 2016 judgment denying Ms. Luft’s motion to set aside judgment and for new trial.
DECREE
For the foregoing, reasons, we affirm the district court’s April 11, 2016 judgment granting summary judgment in favor of Winn-Dixie and dismissing with prejudice Ms. Luft’s claims against Winn-Dixie. We also affirm the district court’s June 3, 2016 judgment denying Ms. Luft’s motion to set aside judgment and for new trial.
AFFIRMED

, The district court excluded the video surveillance footage because the court found it was improperly offered by Winn-Dixie when it was attached to Winn-Dixie’s reply métno-randum in support of its motion for summary judgment,

, In White, the Louisiana Supreme Court overruled its previous decision in Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95), 655 So.2d 309. The White Court explained:
Because La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden, ánd because in order to prove constructive notice the statute clearly .and unambiguously requires that the claimant prove that the damage causing condition existed for some period of time prior to the occurrence, we overrule Welch, 655 So.2d 309, which allowed for a finding of constructive notice absent a showing that the condition existed for some period of time prior to the occurrence and which provided for a shifting of the burden to the defendant merchant to prove it exercised reasonable care,
White, supra, at 1085.