ELIZABETH DAVID

VERSUS

DOLLAR TREE STORES, INC., ABC
CORPORATIONS 1-3, AND JOHN DOES 1-5

NO. 19-CA-36

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 764-108, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING


October 02, 2019


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg


<u>**AFFIRMED**</u>
**RAC**
**JGG**
**HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
ELIZABETH DAVID
 Stephen H. Vogt

COUNSEL FOR DEFENDANT/APPELLEE,
DOLLAR TREE STORES, INC.
 Donald E. McKay, Jr.
 Marc E. Devenport
 Tasha W. Hebert
 Zachary D. Howser

**CHAISSON, J.**

In this case arising from a slip and fall, Elizabeth David appeals an October 31, 2018 judgment of the trial court which granted Dollar Tree Stores, Inc.'s motion for summary judgment and dismissed Ms. David's claims with prejudice. For the following reasons, we affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

On August 30, 2015, at around 6:00 p.m., Ms. David entered the Dollar Tree store located at 800 South Clearview Parkway in Harahan, Louisiana. According to her petition for damages and her deposition testimony, Ms. David entered the store alone, located and selected some body spray that she intended to purchase, and proceeded to the cashier to pay for her items. Less than five minutes later, she decided to buy more bottles of body spray, so she returned to the aisle where the body spray was located. After picking up another two bottles, as she turned to return to the cash register, she slipped and fell on a thawed piece of once-frozen mini pizza approximately the size of a fifty-cent piece. Ms. David did not see the mini pizza at any time prior to her fall and there were no known witnesses to her fall. Ms. David reported the incident to the cashier and the assistant manager.

In response to Ms. David's petition for damages, Dollar Tree filed a motion for summary judgment in which it argued that Ms. David could not meet her evidentiary burden to prove that Dollar Tree had constructive notice of the hazardous condition of the mini pizza on the floor prior to Ms. David's fall as required under La. R.S. 9:2800.6.[1] Following a hearing on the motion, the trial court agreed with Dollar Tree's position and granted its motion for summary judgment. Ms. David's timely appeal followed.

---

[1] In support of its motion for summary judgment, Dollar Tree attached transcripts of Ms. David's deposition testimony, the sworn affidavit of Albert Turner, the assistant store manager on duty at the time of the incident, a copy of the customer accident report completed and filed by Mr. Turner on the date of the accident, and a copy of the Dollar Tree Safety Program Manual. In her opposition to the motion for summary judgment, Ms. David included as evidence a transcript of her deposition testimony, but no other evidence.

On appeal, Ms. David argues that the trial court erred in granting the motion for summary judgment by failing to consider reasonable inferences of fact sufficient to defeat the motion. In particular, Ms. David asserts that the fact that the frozen mini pizza had thawed is sufficient for a finder of fact to infer that the hazardous condition had existed for some period of time prior to the accident so that it should have been discovered and corrected. We consider this argument in our *de novo* review below.

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Pouncy v. Winn-Dixie Louisiana, Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966. If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. *Id.*

The applicable law in this case, Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6, states in pertinent parts:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

   (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

   (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

   (1)    "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

To carry the burden of proving the constructive notice or temporal element, a plaintiff must present positive evidence of the existence of the condition prior to the accident. *Luft v. Winn Dixie Montgomery, LLC*, 16-559 (La. App. 5 Cir. 2/8/17), 228 So.3d 1269, 1273. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite of showing some time period. *Id*. A claimant who simply shows that the condition existed without an additional

showing that the condition existed some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. *Id.* Though the time period need not be specific in minutes or hours, constructive notice requires the claimant prove the condition existed for some time period prior to the fall. *Id.*

Ms. David testified in her deposition that the mini pizza she slipped on was thawed. She therefore contends that a factfinder could reasonably infer that the pizza was on the floor for some time prior to her fall. As this Court noted in *Luft*, *supra*, the condition of an object, such as whether a previously frozen object has melted, may be considered by the factfinder as circumstantial evidence relating to this temporal element, along with other evidence that may be indicative of how long a hazardous condition may have existed, such as the condition of the floor, the types of products in the area in which the accident occurred, and whether there were many other shoppers in the store at the time. *See Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La. App. 3 Cir. 3/1/00), 758 So.2d 327, 329.

In this case, the thawed condition of the mini pizza indicates that the pizza was outside of the freezer for whatever period of time was necessary for it to thaw;[2] however, the thawed condition of the pizza provides no information as to its location from the time that it left the freezer until the time that Ms. David slipped on it. To argue that during the time that it was thawing, the mini pizza was located on the floor where Ms. David slipped on it, creating a hazardous condition, is purely speculation on the part of Ms. David.

The evidence presented by Dollar Tree, while also circumstantial, undermines Ms. David's contention that the hazardous condition of the thawed mini pizza on the floor existed for some time prior to her fall. The Assistant Manager, Mr. Turner, attested that he and other employees at the store followed

---

[2] We note that no evidence was introduced to show what period of time was necessary for the mini pizza to thaw once it was outside of the freezer.

Dollar Tree's aisle safety policy which requires the inspection of the aisles for safety impediments at least every two hours. No foreign substances had been observed by the employees prior Ms. David's fall.[3] Mr. Turner also attested that the frozen pizzas at issue were kept over 100 feet from the site of Ms. David's fall and that other patrons were shopping in the store at the time of the incident. Finally, Mr. Turner prepared a contemporaneous incident report which noted that, immediately after the incident, the floor of the aisle was clean, dry, and well-lit. Given all of this evidence, it is equally plausible that between Ms. David's two trips to the body spray aisle, another customer dropped the already thawed mini pizza on the floor immediately prior to Ms. David slipping on it. To rely solely upon the thawed condition of the pizza as indicative of the length of time that it was present at the location of Ms. David's fall is, again, merely speculative.

**CONCLUSION**

Considering all of this evidence on our *de novo* review, we find that Ms. David has failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Dollar Tree is not entitled to judgment as a matter of law with regard to the temporal element requirement by La. R.S. 9:2800.6. Accordingly, the judgment of the trial court is affirmed.

**AFFIRMED**

---

[3] During her first trip to the aisle to pick up body spray, Ms. David also did not notice anything on the floor where she fell.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 2, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-CA-36

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
MARC E. DEVENPORT (APPELLEE)          TASHA W. HEBERT (APPELLEE)

### MAILED

DONALD E. MCKAY, JR. (APPELLEE)          STEPHEN H. VOGT (APPELLANT)
ZACHARY D. HOWSER (APPELLEE)             ATTORNEY AT LAW
ATTORNEYS AT LAW                         7809 JEFFERSON HIGHWAY
1100 POYDRAS STREET                      SUITE D3
SUITE 1700                               BATON ROUGE, LA 70809
NEW ORLEANS, LA 70163