BEATRICE DUCRE

VERSUS

GREATER LAKESIDE CAUSEWAY CORP.,
CAUSEWAY LLC OF DELAWARE AND XYZ
INSURANCE COMPANY

NO. 22-C-93

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 795-783, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

August 17, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT GRANTED; MOTION FOR SUMMARY JUDGMENT GRANTED;**
**MATTER DISMISSED**
    **FHW**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
BEATRICE DUCRE
    John D. Sileo
    Casey W. Moll

COUNSEL FOR DEFENDANT/RELATOR,
GREATER LAKESIDE, LLC (IMPROPERLY NAMED AS "GREATER
LAKESIDE CAUSEWAY CORP., CAUSEWAY LLC OF DELAWARE")
    Sidney J. Angelle
    Erik L. Vollenweider

**WICKER, J.**

**Statement of the Case**

Relators, Defendants Greater Lakeside LLC and XYZ Insurance Company, seek this Court's supervisory review of the trial court's judgment of February 7, 2022 denying their motion for summary judgment. After a review of the pleadings, writ application, and opposition, we grant the writ application and reverse the trial court's decision. We grant summary judgment and dismiss the claims of respondent, Beatrice Ducre.

**Factual & Procedural History**

On May 31, 2019, Beatrice Ducre, plaintiff/respondent, filed a petition for damages relating to a slip and fall in the Lakeside Shopping Center, in Metairie. Ducre alleged that on April 20, 2019, while walking through the mall in the area between JCPenney's and Johnston & Murphy, she slipped on a wet floor, fell, and sustained severe injuries and damages.

Defendants, Greater Lakeside LLC and XYZ Insurance Company, moved for summary judgment on the grounds that Ms. Ducre could not prove that defendants had actual or constructive notice of the alleged condition prior to the alleged accident. Attached to their motion for summary judgment were the petition; depositions of Ms. Ducre, her daughter Keisha Hales, her nephew De'von Franklin, her grandson Dante Hales, and Felix Moncada, the assistant manager of the Johnston & Murphy store; and the affidavits of Lakeside General Manager Tricia Phillpott, Lakeside Maintenance Evening Mall Supervisor Linny Prestley, and Lakeside Maintenance employee Larry Gilbert, Jr. Defendants claim that neither Ms. Ducre nor her relatives, who were present at the time of the fall, had evidence as to how long the liquid substance was on the floor prior to the fall. They also alleged that General Manager Phillpott's affidavit showed that Lakeside and its employees had no record of, prior knowledge of, or notification of spills,

leaks, wet floors, or liquid substances on the floor at or around the area where the fall occurred; General Manager Phillpott, in her affidavit, additionally stated that defendants have procedures in place to discover and remedy potential hazards, including: several employees who walk the mall, picking up trash and identifying hazards; a supervisor who oversees maintenance; a general manager who inspects; and security officers who roam common areas and report problems to maintenance. Maintenance Supervisor Prestly, in his attached affidavit, stated that he had patrolled and inspected the common area less than five minutes prior to the alleged fall.

In her opposition to the motion for summary judgment, Ms. Ducre attached an unpublished writ disposition of this Court, a photograph of the spill, and excerpts from the depositions of Phillpott, Prestly, and security guard Tyler Gagnet. Ms. Ducre argued in her opposition that defendants' allegation that the area was checked thirty seconds before her fall is "unsupported, erroneous, and completely refuted by Gagnet's testimony."

After a hearing on January 27, 2022, the trial court rendered a judgment denying the motion for summary judgment.[1]

**Law and Analysis**

Appellate courts review the denial of a summary judgment *de novo* using the same criteria governing the trial court's consideration. *Taylor v. Chipotle Mexican Grill, Inc.*, 18-238 (La. App. 5 Cir. 12/27/18), 263 So.3d 910, 913-14. A motion for summary judgment should be granted "if the pleadings, depositions. . .affidavits. . .show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B)(2). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2);

---

[1] A transcript of this hearing was not provided by the parties.

*Trench v. Winn-Dixie Montgomery LLC*, 14-152 (La. App. 5 Cir. 9/24/14), 150 So.3d 472, 475. If the party moving for summary judgment, does not bear the burden of proof at trial, he must point out the absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Thereafter, the adverse party must produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial. *Id.*

The propriety of the decision on a motion for summary judgment must be analyzed with reference to applicable substantive law. *Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 195. In a case in which the plaintiff is alleging premises liability pursuant to La C.C. article 2317.1, an owner or custodian is answerable for damage only upon a showing that he or she "knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage."[2] A plaintiff is required to show that defendant owners had either actual or constructive knowledge of the defect. Constructive knowledge imposes a duty to discover a defect "when it is shown to have existed for such a long period of time that one should have had knowledge of the condition." *Dufrene v. Gautreau Family, LLC*, 07-467 (La. App. 5 Cir. 2/22/08), 980 So.2d 68, 80, *writ denied*, 08-0629 (La. 5/9/08), 980 So.2d 694.

Ms. Ducre argues in her opposition that "the totality of the evidence and applicable jurisprudence" allows for the reasonable inference that the liquid was on the floor for "some time period" before the fall. This argument, however, does not comport with what is required by applicable jurisprudence. Direct evidence is not necessary, if a reasonable inference can be drawn from circumstantial evidence that it was more probable than not that a substance existed for some period of time

_____

[2]This claim is not governed by La. R.S. 9:2800.6, because defendants are not "merchants" defined as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." La. R.S. 9:2900.6(C)(2).

prior to the accident. *Cesar v. Wal-mart Stores, Inc.*, 00-1181 (La. App. 3 Cir. 6/6/01) 782 So.2d 582, 585. Mere speculation that the condition may have existed for some time period, however, is insufficient to show that the essential element of the length of time the alleged defect existed has been met. *Scott v. Galleria Operating Co., L.L.C.*, 17-104 (La. App. 5 Cir. 11/15/17), 230 So.3d 682, 686, *writ denied*, 17-2080 (La. 2/9/18), 236 So.3d 1262; *See Babin v. Winn-Dixie, Louisiana, Inc.*, 00-0078 (La. 6/30/00) 764 So.2d 37, 40.

Properly attached to defendants' motion are the affidavits and deposition testimony of Lakeside employees and contractors to establish a lack of actual knowledge of the spill and a timeframe during which inspections were made to refute constructive knowledge. The affidavit of Gilbert, the maintenance employee responsible for that area, states that he patrolled the area less than five minutes before the fall and saw no liquid on the floor. Prestly testified in his deposition that the substance could not have been on the floor long because he had walked by that area not more than a couple of minutes, thirty seconds or so before he got the call that the fall had occurred. In *Scott v. Galleria Operating Co., LLC.*, this Court found defendants showed an absence of evidence that they had knowledge of a defect in the parking garage, through affidavits showing inspection efforts and lack of reported similar incidents. 130 So.3d at 686. Additionally, in that case we found the plaintiff did not present evidence of the length of time the alleged defect existed, an essential element. *Id.* Therefore, based upon the documents attached to defendants' motion, the burden shifted to Ms. Ducre to show that she could establish the element of knowledge.

None of Ms. Ducre's witnesses could substantiate that defendants had knowledge of the liquid substance on the floor prior to the fall. Ms. Ducre also failed to present any evidence of the temporal element necessary to prove constructive knowledge. She presented no evidence of how long the liquid had

been on the floor. Her opposition relies on disputing defendants' timeline and attacking the credibility of the witnesses who state they were still in the vicinity of the fall and were able to quickly return to the scene upon receiving a call. She argues that their honesty raises questions of fact. In deciding a motion for summary judgment, however, the court must assume that all of the affiants are credible. *Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 266, 236. Courts may not make credibility determinations in determining whether there is a genuine issue for purposes of summary judgment. *Boros v. Lobell*, 15-555 (La. App. 5 Cir. 9/23/15), 176 So.3d 689, 693. A question of fact can be raised when "diametrically divergent facts. . .emerge from a comparison of the competing affidavits." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 288, 234. In this case, a review of the employees' and contractors' affidavits and depositions does not show contradiction in their accounts of the incident.

Although Ms. Ducre argues the lack of ice on the floor to be circumstantial evidence of the liquid being on the floor for the amount of time required for ice in the drink to melt, this is mere speculation as there is no evidence to support the existence of ice. Conclusory allegations and unsupported speculation will not support a finding of a genuine issue of material fact. *Quiroz v. Wal-mart*, 21-389 (La. App. 5 Cir. 2/23/22), 336 So.3d 1008, 1013. Ms. Ducre claims that there is "testimony that the substance was present on the floor long enough for ice to melt." However, Ms. Phillpott's deposition statement as to the color of the spill, "dark in color where a soft drink would have melted, you know, like melted ice would look like" is an unsupported opinion. This is distinguishable from the case cited by Ms. Ducre in which a melted substance was actually discovered to exist. In *Henry v. Wal-mart Stores, Inc.*, 99-1630 (La. App. 3 Cir. 3/1/00), 758 So.2d 327, 329, the Court found that the white substance, found in the frozen food aisle, was "not of

the type that would spread instantly; rather, it was 'mushy' as though in the process of melting." In *Luft v. Winn Dixie Montgomery*, *LLC*, 16-559 (La. App. 5 Cir. 2/8/17), 228 So.3d 1269, this Court listed other circumstantial evidence from which a factfinder could infer that a condition has existed for some period of time, including footprints, shopping cart tracks, or dirt in a spilled substance. *See, Lousteau v. K-mart Corp.*, 03-1182 (La. App. 5 Cir. 3/30/04), 871 So.2d 618, 625 (finding support for the trial court's finding that the substance had adhered to the floor for an extended period of time from testimony that the substance was "dark green, smeared, and stuck to the floor.").

Ms. Ducre incorrectly relies on our previous writ disposition in *Owindere Jones v. Walmart Store, Inc.*, 20-255 (La. App. 5 Cir. 10/13/20) (unpublished writ disposition). That disposition, relying on La. R.S. 9:2800.6's constructive notice jurisprudence, denied summary judgment based upon the question of fact of whether the amount of time which had passed was sufficient to create constructive notice, after the plaintiff had met her burden of showing the temporal element, i.e. the amount of time which had actually passed. While Ms. Ducre states that the *Jones* case pointed out "an inference that a hazardous substance existing on the ground for only 12 seconds is sufficient to show that a hazardous condition existed for some period of time," the *Jones* case did not involve an inference, but rather positive evidence (an affidavit of the Asset Protection Manager's providing exact times after review of surveillance footage) of the existence of the condition for a period of time prior to the fall as required by the applicable case law for merchant liability established by Louisiana Supreme Court in *White v. Wal-mart Stores*, 97-0393 (La. 9/9/07), 699 So.2d 1081, 1084-85. In this case, Ms. Ducre was unable to provide any positive evidence to show that the liquid was present for some time period prior to the fall. Therefore, she did not meet her burden of proving the element of constructive knowledge.

**Conclusion**

After our *de novo* review of the pleadings, depositions, and affidavits, we grant the writ application after finding that Plaintiff, Beatrice Ducre has failed to provide evidence to show that the defective condition existed for some period of time prior to her fall, which is essential to her claim under La. C.C. art. 2317.1. Therefore, defendants, Greater Lakeside LLC and XYZ Insurance, are entitled to judgment as a matter of law, and we reverse the trial court's judgment denying their motion for summary judgment. We grant the motion for summary judgment, and dismiss the plaintiff's claims.

**WRIT GRANTED; MOTION FOR SUMMARY JUDGMENT GRANTED; MATTER DISMISSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

.
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 17, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-93**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
CASEY W. MOLL (RESPONDENT)          ERIK L. VOLLENWEIDER (RELATOR)

**MAILED**
JOHN D. SILEO (RESPONDENT)          SIDNEY J. ANGELLE (RELATOR)
ATTORNEY AT LAW                      ATTORNEY AT LAW
320 NORTH CARROLLTON AVENUE          400 POYDRAS STREET
SUITE 101                            SUITE 2300
NEW ORLEANS, LA 70119                NEW ORLEANS, LA 70130