SYREETA LIDELL

VERSUS

MICHELLE SAVASKI, BJMS INC. D/B/A
"COFFEE &", AND JAMES RIVER
INSURANCE

NO. 24-CA-5

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 821-394, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


October 09, 2024


**TIMOTHY S. MARCEL**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel


**AFFIRMED**
 **TSM**
 **FHW**
 **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SYREETA LIDELL
   Wilson H. Barnes

COUNSEL FOR DEFENDANT/APPELLEE,
MICHELLE SAVASKI, JESOHN, INC. D/B/A "COFFEE &" AND JAMES
RIVER INSURANCE COMPANY
   Andre C. Gaudin
   Joseph J. Valencino, III

**MARCEL, J.**

In this case arising from a slip-and-fall at a coffee shop, plaintiff Syreeta Lidell appeals a September 12, 2023 judgment of the trial court granting a motion for summary judgment filed by defendants Michelle Savaski and Jesohn, Inc. d/b/a Coffee & and James River Insurance Company and dismissing plaintiff's claims against them with prejudice. For the following reasons, we affirm the judgment of the trial court.

## BACKGROUND

In her petition for damages, Ms. Lidell alleges that on October 24, 2020, she slipped and fell on an unmarked wet floor while a customer at the "COFFEE &" coffee shop owned and insured by defendants located at 5024 Westbank Expressway, Marrero, Louisiana. Plaintiff alleged no other facts in her original or in her first amending and supplemental petition concerning the time of the incident, the location or nature of the hazard, the employees present, or any other details that would assist a finder of fact in making determinations about the incident.

In response to plaintiff's petition, defendants filed a motion for summary judgment wherein they argued that Ms. Lidell cannot satisfy her burden as to essential elements of her claims under the Merchant Liability Act, and therefore defendants are entitled to judgment as a matter of law. In support of this motion, defendants included as exhibits copies of Ms. Lidell's petitions as well as excerpts from her deposition and an affidavit from the shop owner, Michelle Savaski.

Ms. Lidell filed an opposition to this motion for summary judgment wherein she argued that 1) discovery was ongoing and incomplete; and 2) there exist genuine issues of material fact that preclude granting the motion. In support of this opposition, Ms. Lidell attached additional portions of her March 6, 2023 deposition as well as her own affidavit attesting to certain facts about the incident, namely that

an unidentified shop employee placed hazard signage in the area after the incident had occurred.

On appeal, Ms. Lidell argues that the trial court erred in granting the defendant's motion by failing to find there were material issues of fact which precluded the granting of a motion for summary judgment

DISCUSSION

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *David v. Dollar Tree Stores, Inc.*, 19-36 (La. App. 5 Cir. 10/2/19), 282 So.3d 329, 331. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. *Id.* The burden of proof rests with the mover. *Id.* Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

In a slip and fall case against a merchant, a plaintiff must prove the essential elements of a negligence claim in addition to the requirements of the Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6, which states:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

…

The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Bertaut v. Corral Gulfsouth, Inc.*, 16-93 (La. App. 5 Cir. 12/21/16), 209 So.3d 352, 356.

To carry the burden of proving the constructive notice or temporal element, a plaintiff must present positive evidence of the existence of the condition prior to the accident. *David*, *supra* (citing *Luft v. Winn Dixie Montgomery, LLC*, 16-559 (La. App. 5 Cir. 2/8/17), 228 So.3d 1269, 1273.) Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite of showing some time period. *Id*. A claimant who simply shows that the condition existed without an additional showing that the condition existed some time before the fall

has not carried the burden of proving constructive notice as mandated by the statute. *Id.* Though the time period need not be specific in minutes or hours, constructive notice requires the claimant prove the condition existed for some time period prior to the fall. *Id.*

In this case, plaintiff has presented no evidence that defendants had either actual or constructive notice of the alleged hazard. In her deposition, Ms. Lidell testified that she did not see any water on the floor before she fell; she did not know the size of the puddle of water; she did not know how the water came to be there; she did not know whether the water was placed there by an employee or another customer; she did not hear anyone report or complain of spills; and she did not know how long the water had been there. There is nothing in Ms. Lidell's deposition testimony to indicate how long the floor was wet or whether the employees of the shop knew or should have known of the hazard.

Ms. Lidell states that she was at the coffee shop with a friend, "Ms. Lewis," who witnessed the accident, but provided no affidavit or other testimony from Ms. Lewis in opposition to defendants' motion. Ms. Lidell states also that she saw a man, an unidentified purported employee of the shop, place hazard signage in the area following her accident. This fact, even if accepted as true and supported by her testimony, is insufficient to create a genuine issue of material fact as to whether the defendants knew or should have known of the wet floor prior to her slip-and-fall as is required under La. R.S. 9:2800.6(B)(2).

Upon *de novo* review, we find that plaintiff is unable to meet her burden of proof on the required elements of her claim under La. R.S. 9:2800.6. We affirm the judgment of the trial court granting defendants' motion for summary judgment and dismissing plaintiff's claims with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 9, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-5**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
JOSEPH J. VALENCINO, III (APPELLEE)

**MAILED**
WILSON H. BARNES (APPELLANT)          ANDRE C. GAUDIN (APPELLEE)
ATTORNEY AT LAW                       ATTORNEY AT LAW
4307 CANAL STREET                     5213 AIRLINE DRIVE
NEW ORLEANS, LA 70119                 METAIRIE, LA 70001